FILED
ASHEVILLE, NC

APR 0 7 2026

U.S. DISTRICT COURT
W. DISTRICT OF N.C.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO. 1:26CR-22-MOC-WCM |
| | ) | |
| v. | ) | **BILL OF INDICTMENT** |
| | ) | |
| (1) MALIK JAY CISNEROS, | ) | 18 U.S.C. § 1028A |
| AKA, "Lucky Luciano" | ) | 18 U.S.C. § 1344(2) |
| | ) | 18 U.S.C. § 1349 |
| (2) DAVID GARY TEAGUE | ) | |
| | ) | |

## THE GRAND JURY CHARGES:

## COUNT ONE
### (CONSPIRACY TO COMMIT BANK FRAUD)

Beginning on a date unknown and continuing through on or about August 20, 2025, in Buncombe County and Yancey County, within the Western District of North Carolina, and elsewhere,

(1) MALIK JAY CISNEROS
(2) DAVID GARY TEAGUE

conspired with each other, and with others known and unknown to the Grand Jury, to commit offenses under Chapter 63 of Title 18 of the United States Code, those being bank fraud.

*Object of the Conspiracy*

The object of the conspiracy was to use fraudulent means of identification to impersonate customers of financial institutions for the purpose of making unauthorized withdrawals of funds from victims' accounts and cashing fraudulent checks.

1

*Manner and Means*

CISNEROS and others, known and unknown to the Grand Jury, recruited individuals ("recruits") to pose as financial institution customers. CISNEROS and others provided the recruits with fraudulent identification documents containing the means of identification of financial institution customers but displaying the photographs of the recruits. One such recruit was TEAGUE.

CISNEROS drove and accompanied TEAGUE to financial institutions in North Carolina and elsewhere to conduct the fraudulent scheme. CISNEROS directed TEAGUE to pose as a customer and present the fraudulent identification documents to the financial institutions. At CISNEROS's direction, TEAGUE then requested to make unauthorized withdrawals of funds from victims' accounts or cash fraudulent checks in victims' names. If a transaction was successful, CISNEROS, and others, intended to keep most of the withdrawn funds for themselves and provide TEAGUE with payments of drugs, alcohol, or money.

*Overt Acts*

Amongst other overt acts, CISNEROS and TEAGUE engaged in the following:

1. On an unknown date, CISNEROS and his coconspirators encountered TEAGUE and recruited him to participate in the fraudulent scheme.

2. On a date unknown to the Grand Jury, but occurring between or about July 1, 2025, and on or about August 20, 2025, CISNEROS sought out and received certain fraudulent drivers' licenses. These fraudulent drivers' licenses were false identification documents with the means of identification, to include names, dates of birth, drivers' license numbers, and other personal identifying information, of victims "H.K.," "N.V.," "L.P.," "J.A.," "R.J.," "D.A.," "J.J.," "B.B.," "F.D.," "B.T.," "R.H.," and others. These fraudulent drivers' licenses bore TEAGUE's photograph so that TEAGUE could fraudulently assume the identities of the victims.

3. From between on or about August 1, 2025, and August 20, 2025, CISNEROS, and TEAGUE traveled to North Carolina, where they attempted to execute the fraudulent scheme at various financial institutions using the false

2

identification documents described in the preceding paragraph and while possessing these documents.

4.    On August 20, 2025, CISNEROS drove TEAGUE to the Truist Bank in Weaverville, Buncombe County, North Carolina, which is within the Western District of North Carolina. CISNEROS provided TEAGUE with a false identification document, that being a Virginia driver's license card in the name of victim "J.A.," but which displayed TEAGUE's photograph. This false identification document was the document associated with "J.A." previously described in overt act two.

5.    Upon arrival at the bank, CISNEROS exited the vehicle and directed TEAGUE to drive. TEAGUE then drove through the drive through of Truist Bank in Weaverville, North Carolina, and TEAGUE presented the false identification for J.A., a customer of Truist Bank, to an employee of Truist Bank, a financial institution whose deposits were then insured by the Federal Deposit Insurance Corporation, and TEAGUE falsely represented himself to be J.A. by presenting the fraudulent Virginia driver's license in J.A.'s name.  TEAGUE then fraudulently presented an East West Bank cashier's check made out to J.A. in the amount of $4,986.32, and TEAGUE requested to cash it. During the attempted transaction, CISNEROS advised and directed TEAGUE via a cellular phone call. Truist Bank denied the transaction.

All in violation of Title 18, United States Code, Sections 1344(2) and 1349.

## **COUNT TWO**
### (FINANCIAL INSTITUTION FRAUD)

On or about August 20, 2025, in Buncombe County, within the Western District of North Carolina, and elsewhere,

(1) MALIK JAY CISNEROS
(2) DAVID GARY TEAGUE

and others unknown to the Grand Jury, knowingly executed, and attempted to execute, a scheme and artifice to obtain the moneys, funds, credits, assets, securities, and other property owned by, and under the custody or control of, a

3

financial institution, that is Truist Bank, a financial institution whose deposits were then insured by the Federal Deposit Insurance Corporation, by means of false and fraudulent pretenses, representations, and promises, and did aid and abet each other in so doing.

All in violation of Title 18, United States Code, Sections 1344(2) and 2.

## COUNTS THREE THROUGH THIRTEEN
### (AGGRAVATED IDENTITY THEFT)

On or about August 20, 2025, in Buncombe County and Yancey County, within the Western District of North Carolina, and elsewhere,

(1) MALIK JAY CISNEROS
(2) DAVID GARY TEAGUE

during and in relation to a felony enumerated in 18 U.S.C. § 1028A(c)(5), that is bank fraud and conspiracy to commit bank fraud, knowingly transferred, possessed, and used, without lawful authority, means of identification of other persons, those being, the names, drivers' license numbers, and date of births belonging to

| COUNT | VICTIM |
|---|---|
| THREE | H.K. |
| FOUR | N.V. |
| FIVE | L.P. |
| SIX | J.A. |
| SEVEN | R.J. |
| EIGHT | D.A. |
| NINE | J.J. |
| TEN | B.B. |
| ELEVEN | F.D. |
| TWELVE | B.T. |
| THIRTEEN | R.H. |

and did aid and abet each other in so doing.

All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

4

## NOTICE OF FORFEITURE AND FINDING OF PROBABLE CAUSE

Notice is hereby given of 18 U.S.C. § 924 and 28 U.S.C. § 2461(c). Under Section 2461(c), criminal forfeiture is applicable to any offenses for which forfeiture is authorized by any other statute, including but not limited to 18 U.S.C. § 981 and all specified unlawful activities listed or referenced in 18 U.S.C. § 1956(c)(7), which are incorporated as to proceeds by Section 981(a)(1)(C). The following property is subject to forfeiture in accordance with Section 924 and/or 2461(c):

a. All property which constitutes or is derived from proceeds of the violations set forth in this bill of indictment;

b. All firearms and ammunition involved or used in such violations; and

c. If, as set forth in 21 U.S.C. § 853(p), any property described in (a) or (b) cannot be located upon the exercise of due diligence, has been transferred or sold to, or deposited with, a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, all other property of the defendant/s to the extent of the value of the property described in (a) and (b).

RUSS FERGUSON
UNITED STATES ATTORNEY

DAVID A. THORNELOE
ASSISTANT UNITED STATES ATTORNEY

A TRUE BILL:

5